Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL V**

| | | |
|---|---|---|
| JAIME MARTI LLERA<br><br>**Recurrente**<br><br><br>vs.<br><br><br>DEPTO. DE HACIENDA NEGOCIADO DE SERVICIO AL CONTRIBUYENTE<br><br>**Recurrida** | KLRA202500148 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento Hacienda<br><br>Caso Núm.<br>2024-NT-007<br><br>Sobre: Notificación de Tasación |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de mayo de 2025.

El 13 de marzo de 2025, el Sr. Jaime Martí Llera (señor Martí o recurrente) compareció ante nos mediate un *Recurso de Revisión Administrativa* y solicitó la revisión de una *Resolución* que se emitió y notificó el 10 de enero de 2025 por la Oficina de Apelaciones Administrativas del Departamento de Hacienda (OAADH). Mediante el aludido dictamen, la OAADH declaró No Ha Lugar la *Querella* que presentó el señor Martí. Así pues, acogió la determinación realizada por el Negociado de Servicio al Contribuyente del Departamento de Hacienda (el Negociado o recurrido) el 12 de diciembre de 2023. En este dictamen, el Negociado resolvió que no se podía decretar la prescripción de la deuda del 2013 toda vez que fue tasada correctamente y notificada dentro del término correspondiente.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

Número Identificador

SEN2025 _____

**I.**

El presente caso tiene su origen el 15 de octubre de 2014, cuando el señor Martí presento su planilla de contribución sobre ingresos de individuos correspondiente al año 2013. Varios años más tarde, a saber, el 2 de julio de 2021, el recurrente recibió un *Aviso de Cobro* a través del Sistema Unificado de Rentas Internas (SURI) del Departamento de Hacienda relacionado al año contributivo del 2013. Particularmente, dicho aviso disponía que el señor Martí adeudaba un total de $212,892.40, incluyendo principal, intereses y cargos, calculados hasta dicha fecha.[1]

Luego de varios trámites administrativos en el caso núm. 2022-P-037 ante el Departamento de Hacienda, incluyendo impugnaciones infructuosas por parte del recurrente en cuanto a la prescripción de la deuda antes señalada, el recurrente acudió ante un panel hermano mediante un recurso de revisión administrativa en el caso núm. KLRA202300488.[2] En este solicitó la revisión de una determinación que emitió la Secretaría de Procedimiento Adjudicativo del Departamento de Hacienda (Secretaría). La Secretaría en su dictamen declaró No Ha Lugar una *Solicitud de Resolución Sumaria* que presentó el señor Martí argumentando que no fue notificado de la tasación de deuda correspondiente al año contributivo de 2013, por lo que la deuda estaba prescrita.

Particularmente, la Secretaría resolvió que el Negociado de Recaudaciones del Departamento de Hacienda, al cual acudió el recurrente mediante *Querella* en el caso antes mencionado, únicamente atendía asuntos de cobro, y la imposición de tasación era una etapa previa a dichos asuntos. En vista de ello, la Secretaría expresó que cualquier reclamo relacionado a la impugnación de una tasación debía presentarse ante el Negociado de Servicio al

---

[1] Estos hechos procesales se desprenden del caso núm. KLRA202300488.
[2] Véase, págs. 74-83 del apéndice del recurso.

Contribuyente del Departamento de Hacienda y no ante el Negociado de Recaudaciones del Departamento de Hacienda.

Atendido el recurso que presentó el recurrente en el referido caso, el 31 de octubre de 2023, el panel hermano dictó *Sentencia* mediante la cual desestimó el recurso de revisión administrativa por prematuro. Así pues, ordenó la devolución del caso de autos al Departamento de Hacienda para que el reclamo del recurrente fuese atendido por el Negociado de Servicio al Contribuyente del Departamento de Hacienda.

En vista de la *Sentencia* antes expuesta, el 22 de noviembre de 2023, el señor Martí le envió una carta a la subdirectora del Negociado de Servicio al Contribuyente, solicitándole a dicha división que atendiera de forma expedita su reclamo de prescripción de la deuda de contribución sobre ingresos, que figuraba en los récords del Departamento de Hacienda correspondientes al año 2013.[3] Reiteró qu,e nunca recibió notificación de deficiencia conforme lo dispone la Sección 6010.02 (a)(1)(A) de la Ley Núm. 1-2011, según enmendada, mejor conocida como *Código de Rentas Internas de Puerto Rico de 2011*, 13 LPRA sec. 33002 (Código de Rentas Internas). Añadió que, tampoco recibió una notificación de error matemático que expresara la naturaleza del alegado error o ajuste ni la explicación de éste. Afirmó que, había realizado gestiones por varios años ante el Departamento de Hacienda para obtener evidencia de dicha notificación, pero que este último no pudo probar que la notificación se hubiese enviado de conformidad con los mínimos requisitos del debido proceso de ley. Argumentó que, la falta de notificación adecuada invalidaba la tasación de la deuda y ello lo esforzaba a concluir que el término para tasarla estaba prescrito conforme a la Sección 6020.05 del Código de Rentas

---

[3] Estos hechos procesales se desprenden de la copia certificada del expediente administrativo que el Negociado nos proveyó.

Internas, *infra.* Así pues, le solicitó al Negociado que emitiera una determinación decretando la prescripción de la deuda en cuestión.

Así las cosas, el 12 de diciembre de 2023, el Negociado emitió una determinación en la cual puntualizó que, según los récords contributivos del Departamento de Hacienda había encontrado lo siguiente:

1. El pasado 5 de noviembre de 2021, el Contribuyente presentó una solicitud de prescripción de deuda contributiva ante la División de Procedimientos Especiales del Negociado de Recaudaciones del Departamento de Hacienda (DPE). La referida solicitud se refería a la Deuda 2013 y fue contestada por la DPE mediante carta con fecha de 24 de febrero de 2022. Según la referida contestación, el referido recibo de Deuda 2013 por la cantidad de $116,961.00, como principal, es uno exigible ya que no han transcurrido siete (7) años desde su fecha de tasación, la cual fue el 10 de mayo de 2017.

2. Que al procesar la referida planilla el Departamento encontró que el contribuyente no incluyó un ingreso de W-2 correspondiente a salarios recibidos de la compañía Reliable Financial SVCS INC, por la cantidad de $314,126, y envió una Notificación de Error Matemático (Notificación E-60) el día 11 de febrero de 2017 en donde se le otorgaba al contribuyente 60 dias para presentar evidencia, de no estar de acuerdo con la Deuda 2013, según establecida entonces.

3. Que luego de haber transcurrido el término para presentar evidencias, el Departamento tasó y notificó la Deuda 2013 mediante una Notificación y Requerimiento de Pago de Contribuciones (Notificación de Tasación) el 10 de mayo de 2017 cuyo principal al 15 de abril de 2014 fue de $148,630.00, la misma incluía intereses y recargos sobre el principal.

4. Un Aviso sobre la Deuda 2013 fue enviado el 31 de mayo de 2017 donde el Departamento le informó al contribuyente el principal adeudado incluyendo multas y penalidades por la cantidad de $265,164,91. En dicho aviso le advierte al Contribuyente que de no pagar el balance adeudado en su totalidad se recurrirían a mecanismos de cobro entre los cuales se encuentra el embargo a bienes muebles o inmuebles.

5. Que tanto la Notificación E-60, la Notificación de Tasación y el referido Aviso fueron enviados a la misma dirección que aparecía como válida en el sistema del Departamento, así como aparece en la planilla de contribución sobre ingresos de individuo del año 2013 radicada por el Contribuyente y que es la siguiente:

Cond Carrion Court
6 Carrion CT PH 1701
San Juan PR 00911-0000

6. Que luego de recibida la Notificación de Tasación y el aviso el Contribuyente o su representante presentaron una reclamación ante el NSAC el 29 de octubre de 2019. Entonces, la reclamación consistía en que no le fue concedida las retenidas en el origen de los ingresos de pensión y servicios profesionales según se reflejan en las Declaraciones Informativas 480.7C y 480.6B por una cantidad total de $31,609.00.

7. Que luego de considerar las retenidas de dichos ingresos, el NSAC, preparó el Memorando de Cancelación y Ajuste de Deuda (Memorando) y realizó los ajustes en sistema quedando con un balance adeudado por la cantidad de $117,021.00 al 15 de abril de 2014. Que según los procesos del NSAC el original del memorando se entregaba al momento, como evidencia de los ajustes realizados en sistema e incluyendo el principal adeudado para el debido conocimiento al contribuyente de la cantidad adeuda y cuya copia se encuentra en el archivo del Departamento.

Luego de exponer los referidos hechos, resolvió que, la deuda correspondiente a la planilla de contribución de ingresos del año 2013 se tasó y notificó dentro del término de cuatro (4) años después de haberse radicado la planilla según lo requiere la Sección 6010.05(a) del Código de Rentas Internas, *supra*. Además, puntualizó que, la notificación se envió a la última dirección conocida e informada por el señor Martí en su planilla de contribuciones sobre ingresos el año 2013. Lo anterior en cumplimiento con la Sección 6010.01(d) del Código de Rentas Internas, *supra*.

Afirmó que, luego de haber recibido la notificación, el recurrente tuvo conocimiento de la deuda, ya que éste y/o su representante autorizado se presentó al Departamento de Hacienda a presentar una reclamación ante el Negociado. Sostuvo que, prueba de ello era la existencia en sus récords de un memorando que preparó el técnico del Negociado en el cual se reflejaba el balance

adeudado luego de los ajustes realizados en el sistema por la suma de $31,609.00. Argumentó que, dicha acción por parte del técnico ocurrió luego de que éste recibiera una reclamación por parte del señor Martí o su representante autorizado. En virtud de lo anterior, concluyó que no podía decretar la prescripción de la deuda en controversia. Reafirmó que la deuda fue tasada y notificada conforme al derecho.[4]

Inconforme con este dictamen, el 11 de enero de 2024, el señor Martí presentó una *Querella* ante la OAADH en el presente caso.[5] En esta expresó que, el Departamento de Hacienda nunca le envió una notificación de la tasación de la deuda objeto del presente caso antes de la fecha del 15 de octubre de 2018, por lo que dicha deuda prescribió conforme lo dispone la Sección 6010.05 del Código de Rentas Internas, *infra.* Afirmó que, el Departamento de Hacienda no había podido producir evidencia de la referida notificación, por lo que le solicitó a la OAADH a que declarara prescrita la deuda y en consecuencia la eliminara de los récords del contribuyente.

El 24 de enero de 2024, la OAADH le notificó la *Querella* al Negociado. De este modo, el 21 de marzo de 2024, el Negociado presentó una *Contestación a la Querella* mediante la cual reiteró los fundamentos que expuso en su determinación del 12 de diciembre de 2023.[6] Posteriormente, el 4 de junio de 2024, se celebró una vista administrativa. Luego de haber evaluado los argumentos de las partes y el derecho aplicable, el 10 de enero de 2025, la OAADH emitió y notificó una *Resolución.*[7] En primer lugar, expresó lo siguiente en cuanto a la celebración de la vista administrativa:

> La vista administrativa del caso de epígrafe fue celebrada, el 4 de junio de 2024, ante el Oficial Examinador suscribiente. A la misma compareció el Querellante representado por el Lodo. Luis Pellot Juliá

---

[4] Íd.
[5] Véase, págs. 7-8 del apéndice del recurso.
[6] Íd., págs. 29-35.
[7] Íd., págs. 84-88.

y Yanira Bertrán Selles, y el Negociado compareció representado por Marisol Sevilla López y Juana Matos.

Durante su exposición, el Negociado expresó que la deuda del Querellante fue tasada el 10 de mayo de 2017. Indicó que anterior a la tasación de la deuda, el Departamento emitió una Notificación de Error Matemático o de Transcripción por la planilla del año 2013. Para demostrar tales hechos, el Negociado presentó: 1) formulario Modelo SC 2711, fechado el 11 de febrero de 2017; 2) formulario Modelo SC 6094, fechado el 10 de mayo de 2017 y 3) formulario Modelo SC 3565-D, fechado el 31 de mayo de 2017.

Por su parte, la parte Querellante argumentó que es la primera vez en cuatro años que reciben copia de dichas notificaciones y aludió a la falta de prueba de envío al Querellante. Arguyó que la deuda del Querellante prescribió sin que el Departamento-enviara una notificación de tasación y que trascurrió el termino prescriptivo bajo la Sección 6010.05 del Código, y que al día de hoy no han recibido prueba documental del envío de dichas notificaciones. Añadió que no existe controversia con la dirección de las notificaciones. El Querellante, quien no acudió a la vista administrativa, no presentó prueba o testimonio alguno a la misma.

Luego de hacer las referidas expresiones, realizó las siguientes determinaciones de hechos:

1) El 15 de octubre de 2014, el Querellante presentó su planilla de contribución sobre ingreso del 2013.

2) En la planilla del año 2013, la dirección del Querellante era Cond. Carrión Court, Apt. PH-1710 San Juan, PR 00911.

3) Las notificaciones Modelo SC 2711, Modelo SC 6094 y Modelo SC3565-D presentadas como evidencia por el Negociado, fueron enviadas al Querellante al Cond. Carrión Court, Apt. PH-1710 San Juan, PR 0091.

4) El 11 de febrero de 2017, el Departamento notificó un error matemático al Querellante y el 10 de mayo de 2017, el Departamento tasó la deuda contributiva del 2013 y la notificó al Querellante.

A base de las determinaciones de hechos antes expuestas y el derecho aplicable, la OAADH resolvió que, en la vista administrativa celebrada, el Negociado presentó evidencia que demostró que notificó correctamente al señor Martí la notificación de error matemático a su última dirección conocida. Por esta razón, concluyó que el cobro de la deuda era exigible, ya que no había culminado el periodo de tiempo que tenía el DH para realizar gestiones de cobro a través del procedimiento de apremio que

disponía la Sección 6010.06(d)(1) del Código de Rentas Internas. A tales efectos, determinó que la deuda no estaba prescrita y su cobro era exigible por lo que declaró No Ha Lugar la *Querella* que presentó el recurrente.

En desacuerdo con esta determinación, el 27 de enero de 2025, el recurrente presentó una solicitud de reconsideración.[8] Transcurrido el término que provee le ley sin que la agencia administrativa se expresara en torno a la solicitud de reconsideración, el 13 de marzo de 2025, el señor Martí presentó el recurso de epígrafe y formuló lo siguientes señalamientos de error:

> **Erró la Secretaría de Procedimiento Adjudicativo al no determinar que la "notificación" producida por el NSAC, aun de haberse enviado, carece de la expresión de la naturaleza del alegado error o ajuste y la explicación del mismo, exigidos por el CRI y el debido proceso.**
>
> **Erró la Secretaría de Procedimiento Adjudicativo al determinar que Hacienda probó el envío de una notificación de tasación de deuda.**
>
> **Erró el Departamento de Hacienda al no declarar prescrita la deuda imputada a Martí-Llera.**

Atendido el recurso, el 17 de marzo de 2025, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 3 de abril de 2025, para presentar su alegato en oposición y una copia certificada del expediente administrativo. Oportunamente, el Negociado presentó su postura en cuanto al recurso intitulada *Escrito en Cumplimiento de Orden* y negó que la OAADH cometiera los errores que el señor Martí le imputó. Además, presentó la copia certificada del expediente administrativo. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

## II.

### -A-

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro

---

[8] Íd., págs. 90-95.

de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 126 (2019).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra,* pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. Íd.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Graciani Rodríguez v. Garaje Isla Verde, supra,* pág.128. Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR,* 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor

conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

El Artículo VI, Sec. 2 de la Constitución de Puerto Rico encomienda el poder para imponer y cobrar contribuciones a la Asamblea Legislativa. *Pfizer Pharm. v. Mun. de Vega Baja*, 182 DPR 267, 276 (2011). Conforme a dicha encomienda, la Asamblea Legislativa aprobó el Código de Rentas Internas, *supra*, el cual contiene toda la legislación contributiva de nuestro ordenamiento jurídico. Íd. En lo pertinente, la Sección 6010.05 del Código de Rentas Internas, 13 LPRA sec. 33005, regula el periodo de prescripción para la tasación y expone lo siguiente:

(a) Regla General. —

(1) Excepto según dispuesto en la Sección 6010.06, **el monto de las contribuciones o impuestos establecidos por cualquier Subtítulo de este Código será tasado dentro de cuatro (4) años después de haberse rendido la planilla o declaración**, y ningún procedimiento en corte sin tasación para el cobro de dichas contribuciones será comenzado después de la expiración de dicho período. [...]

Ahora bien, la Sección 6010.02 (g) (1) del Código de Rentas Internas, 13 LPRA sec. 33002, discute la tasación atribuible a error matemático o de transcripción o de un ajuste de planilla y dispone lo siguiente:

Si el contribuyente fuere notificado de que, debido a un error matemático o de transcripción en la planilla, o declaración de impuesto o a un Ajuste de Planilla, adeuda una contribución en exceso de aquella declarada en la planilla o declaración de impuesto y de que una tasación de la contribución se ha hecho o será hecha sobre la base de lo que habría sido el monto correcto de la contribución, a no ser por el error matemático o de transcripción o del Ajuste de Planilla, tal notificación no será considerada como una notificación de deficiencia bajo el apartado (a) de esta Sección o el apartado (f) anterior; y el contribuyente no tendrá derecho a radicar un recurso ante el Tribunal de Primera Instancia basado en dicha notificación, ni dicha tasación o cobro serán prohibidos por las disposiciones del apartado (a) de esta Sección. Toda

notificación bajo este párrafo expresará la naturaleza del alegado error o ajuste y la explicación del mismo.

**III.**

En su recurso, el señor Martí solicitó la revisión de una *Resolución* que se emitió y notificó el 10 de enero de 2025 por la OAADH. En esta, la OAADH acogió la determinación realizada por el Negociado de que no se podía decretar la prescripción de la deuda del 2013, toda vez que fue tasada correctamente y notificada dentro del término correspondiente. Así pues, en su primer señalamiento de error, el recurrente sostuvo que, la OAADH incidió al no determinar que la notificación por parte del Negociado, aun de haberse enviado, carecía de la expresión de la naturaleza del alegado error y su explicación conforme lo requiere el Código de Rentas Internas y el debido proceso de ley. Por otro lado, en su segundo señalamiento de error, alegó que, la OAADH erró al determinar que el Negociado evidenció el envío de la notificación de tasación de deuda. Por último, argumentó que, la OAADH erró al no declarar prescrita la deuda que le imputó.

Discutiremos los señalamientos de error en conjunto por estar íntimamente relacionados entre sí. En el caso de autos, el Negociado argumentó que, no procedía decretar la prescripción de la deuda correspondiente al año contributivo del 2013 ya que, según ellos, ésta fue correctamente tasada y notificada dentro del término correspondiente. Para evidenciar lo antes mencionado, presentaron los siguientes documentos: (1) *Notificación de Error Matemático o de Transcripción en Planilla de Individuos* con fecha del 11 de febrero de 2017; (2) *Notificación y Requerimiento de Pago de Contribuciones* con fecha del 10 de mayo de 2017; y, por último; (3) *Aviso* con fecha del 31 de mayo de 2017.

Según surge del primer documento antes mencionado, que forma parte de la copia certificada del expediente administrativo, el

Negociado le informó al señor Martí que al revisar su planilla de contribución sobre ingresos correspondiente al año 2013, encontraron un error matemático o de transcripción. Ante ello, indicaron que el balance pendiente de pago ascendía a un total de $148,630.00. **Ahora bien, en la segunda página de dicho documento, el Negociado presentó un resumen de los datos del ajuste de la planilla y las cantidades finales según la revisión realizada.** Además, como parte de sus advertencias, la referida misiva disponía que, si el recurrente no estaba de acuerdo con dicha información, podía presentar una reclamación ante cualquiera de los Centros de Servicios del Negociado de Servicios al Contribuyente dentro de los sesenta (60) días siguientes a la notificación de la misiva.

En el segundo documento, el Negociado le indicó al señor Martí que el error matemático correspondiente a la planilla de contribuyente del año 2013, había sido notificado previamente mediante la misiva del 11 de febrero de 2017 y que en esta se le había otorgado sesenta (60) días para hacer una reclamación, pero que, al no ejercerse reclamación alguna dentro del término antes dispuesto, procedía el pago final de la deuda que ahora ascendía a un total de $231,435.23, incluyendo intereses y penalidades impuestas. Asimismo, **de este documento surgía que la fecha de tasación de la deuda había sido el 10 de mayo de 2017**. Por último, en el documento intitulado *Aviso*, la directora del Negociado de Recaudaciones le informó al señor Martí que de acuerdo con los récords le adeudaba al erario $265,164.91. Así pues, le advirtió que debía pagar la deuda para evitar una mayor acumulación de intereses y recargos. **Cabe precisar que, todas las cartas antes detalladas incluían la fecha de notificación del documento y la última dirección del recurrente de la cual surge del expediente que no había controversia en cuanto a ella.**

Por otro lado, en su dictamen del 12 de diciembre de 2023, el Negociado afirmó que **de los récords contributivos del DH** surgía que el 29 de octubre de 2019, el señor Martí presentó una reclamación ante el Negociado relacionada a la retención de unos ingresos de pensión y servicios profesionales que ascendían a un total de $31,609.00. Ante ello, expresó que, luego de considerar las retenidas de dichos ingresos, prepararon un *Memorando de Cancelación y Ajuste de Deuda* mediante el cual se realizó el ajuste correspondiente quedando la deuda en un balance de $117,021.00 al 15 de abril de 2014. **Indicó que dicho memorando se le entregó al momento al señor Martí como evidencia de los ajustes realizados incluyendo el principal adeudado.** Asimismo, sostuvo que la copia del memorando se encontraba en los archivos del DH. En vista de lo anterior, argumentó que dicha acción de presentar la reclamación ante el DH evidenciaba que, en efecto, el recurrente tenía conocimiento de la deuda objeto de esta controversia.

Por su parte, el señor Martí se limitó a argumentar que no recibió una notificación de tasación de deuda por correo certificado ni por otro medio. Particularmente, sostuvo que no obtuvo una explicación de la naturaleza de la tasación, ni una advertencia sobre su derecho a solicitar reconsideración y vista administrativa o una explicación del error matemático. Además, añadió que presuntamente acudió al Negociado y que éste último no le produjo una copia ni alegó que existía una copia de una notificación adecuada ni prueba documental de su envío. A tales efectos, insistió que la deuda estaba prescrita. *No nos convencen los argumentos del señor Martí.*

De un estudio detenido del expediente, pudimos observar que en ningún momento el recurrente se expresó en torno a su reclamación del 29 de octubre de 2019 relacionada a la retención de unos ingresos de pensión y servicios profesionales. Considerando

que se realizó un ajuste de la deuda objeto de esta controversia en el año 2019 como resultado de dicha reclamación, no cabe duda de que en efecto el señor Martí recibió las notificaciones del error matemático y la tasación de la deuda que se efectuó el 17 de mayo de 2017.

En vista de lo anterior, concluimos que la tasación de la deuda no prescribió. La Sección 6010.05 del Código de Rentas Internas, *supra,* establece que el periodo de prescripción para la tasación de las contribuciones o impuestos establecidos por cualquier Subtítulo del referido Código es de (4) años después de haberse rendido la planilla o declaración. En consecuencia, el Negociado tenía hasta el 15 de octubre de 2018 para tasar la deuda objeto de esta controversia ya que el 15 de octubre de 2014, el recurrente radicó su planilla de contribución sobre ingresos de individuos correspondiente al año 2013. Habiendo resuelto que en efecto la tasación de la deuda fue el 17 de mayo de 2017, ésta no había prescrito. Así pues, no se cometieron los señalamientos de error formulados por el recurrente.

**IV.**

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones